IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

      v.

NICHOLAS NEWMAN,

      Defendant/Movant.

Case No. 20-20014-JAR

## MEMORANDUM AND ORDER

Petitioner Nicholas Newman filed this *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 71), raising one claim of a wrongful conviction under 18 U.S.C. § 924(c) based on the Supreme Court decision in *Borden v. United States*,[1] and two claims of ineffective assistance of counsel.  The government has responded and moves for enforcement of the plea agreement terms on the first claim and denial of the ineffective assistance claims.  For the reasons explained in detail below, the Court grants the motion to enforce the plea agreement and dismisses the first claim, and denies the ineffective assistance of counsel claims.

## I.      Section 2255 Standard

Section 2255 entitles a federal prisoner to relief if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[2]

---

[1] 141 S. Ct. 1817 (2021).

[2] 28 U.S.C. § 2255(b).

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[3]  A § 2255 petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[4] An evidentiary hearing is not necessary where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[5]

Because Mr. Newman appears *pro se*, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[6]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[7]  It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[8] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[9]

## II.      Factual and Procedural Background

Mr. Newman was charged in a Second Superseding Indictment with three counts of distribution of marijuana, two counts of distribution of methamphetamine, two counts of violating 18 U.S.C. § 924(c), two counts of being a felon in possession of a firearm and

---

[3] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).

[4] *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[5] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995) ("[T]he allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that are merely conclusory in nature and without supporting factual averments).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

[8] *Id.*

[9]  *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

ammunition, one count of robbery of United States property, one count of forcible assault on a

federal officer using a dangerous or deadly weapon under 18 U.S.C. § 111(a)(1) and (b), and one

count of using or carrying a firearm during and in relation to a crime of violence or possessing a

firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A).[10]

On May 19, 2021, Mr. Newman entered into a binding plea agreement pursuant to Fed.

R. Crim. P. 11(c)(1)(C), to Count 10, forcible assault of a federal officer using a dangerous

weapon, in violation of § 111(a)(1) and (b); and Count 11, using and carrying a firearm in

furtherance of a crime of violence, in violation of § 924(c)(1)(A).[11]  These charges stemmed

from a gun sale to an undercover Alcohol, Tobacco, and Firearms ("ATF") agent, where the

agent suffered serious injuries to her hand during a violent struggle for the gun with Mr.

Newman.  The assault conviction is punishable by up to 20 years' imprisonment, and the

firearm conviction carried a mandatory minimum sentence of 5 to 25 years' imprisonment

consecutive to any other sentence imposed.[12]

As part of the agreement, the parties proposed a total sentence of not less than 120

months and not more than 180 months' imprisonment.[13]  The agreement further states that Mr.

Newman "knowingly and voluntarily waives any right to appeal or collaterally attack any matter

in connection with this prosecution, his conviction, or the components of the sentence to be

imposed herein," unless the Court imposed a sentence in excess of the sentence recommended by

---

[10] Doc. 41.

[11] Doc. 57.

[12] Doc. 41 at 11.

[13] Doc. 57 ¶ 3.

3

the parties under Rule 11(c)(1)(C).[14]  Mr. Newman did not, however, waive any subsequent

claims with regards to ineffective assistance of counsel or prosecutorial misconduct.[15]

On September 27, 2021, the Court sentenced Mr. Newman to 120 months on the § 111

count and 60 months on the § 924(c) count, for a controlling term of 180 months'

imprisonment.[16]  Mr. Newman did not file a direct appeal and this timely § 2255 motion

followed.[17]

## III.   Analysis

### A.   Claim One: Predicate Crime of Violence

Section 924(c) provides penalties for crimes of violence involving firearms.  In *United*

*States v. Davis*, the Supreme Court held that the residual clause of  § 924(c)(3)(B) is

unconstitutionally vague under due process and separation of powers principles.[18]  The Tenth

Circuit has held that *Davis* is a new constitutional rule retroactively applicable on collateral

review.[19]  Thus, to qualify as a crime of violence, an offense must meet the definition of

§ 924(c)'s elements clause, which defines "crime of violence" as any offense that "has as an

element the use, attempted use, or threatened use of physical force against the person or property

of another."[20]

Mr. Newman first claims that 18 U.S.C. § 111(a)(1) and (b) are no longer crimes of

violence after the Supreme Court's ruling in *Borden v. United States*, and therefore he is

---

[14] *Id.* ¶ 11.

[15] *Id.*

[16] Doc. 78.

[17] 28 U.S.C. § 2255(f).

[18] 139 S. Ct. 2319, 2335, 2336 (2019).

[19] *United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019).

[20] 18 U.S.C. § 924(c)(3)(A).

innocent of his § 924(c) conviction.[21]  In *Borden*, the Court held that an offense with a *mens rea*
of recklessness does not qualify as a "violent felony" under the Armed Career Criminal Act
("ACCA"), 18 U.S.C. § 924(e)(2)(B), because it does not require the active employment of force
against another person.[22]

The government moves to enforce the waiver in the plea agreement, as Mr. Newman
knowingly waived any right to collaterally attack his conviction and sentence.  A knowing and
voluntary waiver of the statutory right to appeal or to collaterally attack a conviction and
sentence is generally enforceable.[23]  The Court applies a three-pronged analysis to evaluate the
enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the
waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether
enforcing the waiver would result in a miscarriage of justice.[24]  For the reasons explained below,
the Court holds that the waiver in Mr. Newman's binding plea agreement bars his collateral
attack of his conviction under § 2255.

          **1.**       **Scope**

To determine whether the disputed issue falls within the scope of the waiver, the court
begins with the plain language of the plea agreement.[25]  The court construes the plea agreement
according to contract principles and based on what the defendant reasonably understood when he

---

[21] 141 S. Ct. 1817 (2021).

[22] *Id.* at 1834.

[23] *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

[24] *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

[25] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.

entered the plea.[26]  The court strictly construes the waiver and resolves any ambiguities against

the government and in favor of the defendant.[27]

Here, Mr. Newman collaterally attacks his conviction, arguing that he is actually innocent

of the § 924(c) charge.  Thus, his claim falls squarely within the scope of the waiver of his right

to challenge or collaterally attack any matter in connection with his conviction.

### 2.      Knowing and Voluntary

Next, the Court must consider whether Mr. Newman knowingly and voluntarily waived

his right to collaterally attack his conviction.  "[T]he law ordinarily considers a waiver knowing,

intelligent, and sufficiently aware if the defendant fully understands the nature of the right and

how it would likely apply *in general* in the circumstances—even though the defendant may not

know the *specific detailed* consequences of invoking it."[28]  When deciding whether a waiver of

collateral attack rights was knowing and voluntary, reviewing courts must consider two main

factors: (1) "whether the language of the plea agreement states that the defendant entered the

agreement knowingly and voluntarily," and (2) whether there was "an adequate Federal Rule of

Criminal Procedure 11 colloquy."[29]

Here, Mr. Newman does not assert that his plea waiver was entered involuntarily.  To the

contrary, the plea agreement states, "the defendant knowingly and voluntarily waives any right to

appeal or collaterally attack any matter in connection with . . . his conviction."[30]  During the plea

colloquy, Mr. Newman affirmed that he was entering his guilty plea freely and voluntarily.[31]

---

[26] *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004).

[27] *Hahn*, 359 F.3d at 1325.

[28] *United States v. Ruiz*, 536 U.S. 622, 629 (2002).

[29] *Hahn*, 359 F.3d at 1325 (citations omitted).

[30] Doc. 57 at ¶ 11.

[31] Plea Tran., Doc. 73 at 8:3–17.

This Court specifically addressed the waiver provision in paragraph 11 of the plea agreement with Mr. Newman, explained that he was giving up most of his rights to appeal or challenge the conviction and sentence, and asked if he understood.[32]  Mr. Newman answered that he did. Thus, Mr. Newman presents no basis for the Court to find that his waiver was not knowing or voluntary.

### 3.    Miscarriage of Justice

A miscarriage of justice occurs "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful."[33]  *Hahn* underscored that this list of circumstances is exclusive: "enforcement of a[ ] waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated" above.[34]  It is a petitioner's burden "to demonstrate that the . . . waiver results in a miscarriage of justice."[35]

Mr. Newman does not articulate how or why enforcing the waiver would result in a miscarriage of justice.  The Court finds that the only factor arguably applicable to this case is the last one—that enforcing the waiver would result in a miscarriage of justice because the waiver is otherwise unlawful as Mr. Newman asserts his actual innocence under *Borden*.  "For the waiver to be invalid on the ground of unlawfulness, the unlawfulness must 'seriously affect the fairness,

---

[32] *Id.* at 8:25–9:8.

[33] *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) (quoting *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008)).

[34] *Id.* (quoting *Hahn*, 359 F.3d at 1327).

[35] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citations omitted).

integrity or public reputation of judicial proceedings.'"[36]  The Tenth Circuit has explained that

this standard "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect

of the proceeding may have involved legal error."[37]

Moreover, "even if a newly announced decision invalidated a statute for constitutional

reasons and would preclude conviction now, such a post-plea change in the law does not make

the waiver otherwise unlawful," as "Supreme Court precedent is quite explicit that as part of a

plea agreement, criminal defendants may waive both rights in existence and those that result

from unanticipated later judicial determinations."[38]  This is so because in a plea agreement, the

defendant and the government reach a "bargained-for understanding" benefiting both parties and,

in doing so, "each side foregoes certain rights and assumes certain risks in exchange for a degree

of certainty as to the outcome of criminal matters.  One such risk is a favorable change in the

law."[39]  Permitting parties "to routinely invalidate plea agreements based on subsequent changes

in the law would decrease the prospects of reaching an agreement in the first place, an

undesirable outcome given the importance of plea bargaining to the criminal justice system."[40]

In *United States v. Frazier-LaFear*, the Tenth Circuit summarily denied a similar

challenge where the defendant collaterally attacked her sentence based on the post-plea decision

in *Johnson v. United States*, where the Supreme Court nullified language similar to the residual

---

[36] *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (quoting *Hahn*, 359 F.3d at 1327).

[37] *United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. 2016) (quoting *United States v. Polly*, 630 F.3d 991, 1001–02 (2011)).

[38] *Sandoval-Flores v. United States*, No. 2:16-cv-719, 2022 WL 17740409, at *4 (D. Utah Dec. 16, 2022) (quoting *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005)).

[39] *Porter*, 405 F.3d at 1145.

[40] *Id.* (citing *Hahn*, 359 F.3d at 1318).

clause in § 924(c).[41]  The defendant argued that her waiver of the right to collaterally attack her

sentence was unlawful because "she did not agree to be sentenced unconstitutionally," and "the

constitutional character of her claim should except it from the operation of her waiver."[42]  The

Tenth Circuit rejected the defendant's attempt to "sever the 'otherwise unlawful' language of the

fourth [*Hahn*] exception from its association with 'the waiver,' by asserting legal error involving

other aspects of the proceedings (typically the determination of the sentence) as a basis for

finding a miscarriage of justice."[43]  The court reiterated that "the fact that the alleged error arises

out of a change in the law subsequent to the defendant's plea does not alter" the court's decisions

separating the waiver from another part of the proceeding that may have resulted in legal error,

explaining that "[t]he fact that [the defendant's] relinquishment of this right results in the lost

opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not

the invalidity, of the waiver."[44]  The court further noted that "our cases do not reflect the

recognition of any special exception for errors of constitutional dimension."[45]

Although this standard appears to foreclose any argument that enforcing the plea waiver

would result in a miscarriage of justice, the Tenth Circuit has not addressed the "otherwise

unlawful" waiver issue for post-*Davis* collateral attacks on § 924(c) convictions.[46]  Other Circuit

---

[41] 665 F. App'x at 732 (discussing *Johnson*, 576 U.S. 591, 606 (2015)).

[42] *Id.*

[43] *Id.* at 729.

[44] *Id.* at 730, 732.

[45] *Id.* at 730–31.

[46] The Tenth Circuit did not reach this issue in its recent decision in *United States v. Chatwin*, 60 F.4th 604 (10th Cir. 2023) (McHugh, dissenting).  The district court, applying *Hahn* and *Frazier-LeFear*, enforced a waiver of the right to collaterally attack a § 924(c) conviction and sentence. *Id.* at 605–06.  After the petitioner raised a new argument on appeal regarding the scope of his waiver, however, the Tenth Circuit found the district court committed plain error in dismissing the § 2255 motion and reversed and remanded for further proceedings. *Id.* at 608–09.  The court further noted that on remand, the district court should consider whether petitioner's guilty plea barred the challenge to his conviction under *Tollett v. Henderson*, 411 U.S. 258 (1973) and *Class v. United States*, 138 S. Ct. 798 (2018).  *Id.* at 608 n.7.

Courts of Appeal and district courts in this Circuit have done so and, similar to the concerns

articulated by the Tenth Circuit in cases involving waiver of sentencing challenges, found that

enforcing a waiver of the right to attack a § 924(c) conviction under the post-plea decision in

*Davis* would not be a miscarriage of justice.[47]

In light of Tenth Circuit waiver precedent and the weight of the above-cited decisions in

other circuits, the Court holds that Mr. Newman's waiver is not otherwise unlawful and is

enforceable.  Mr. Newman was charged in the Second Superseding Indictment with eleven

counts, entered into a plea agreement to two counts, and received a lesser sentence after the

government agreed to dismiss the felon-in-possession and robbery charges.[48]  In exchange, he

waived his right to collaterally attack his conviction and sentence and thus "assumed the risk that

a subsequent decision would undermine the original basis for his conviction."[49]  Further, even

though Mr. Newman's collateral attack raises a constitutional question, the Tenth Circuit does

not recognize "any special exception for errors of constitutional dimension" in determining

---

[47] *See, e.g.*, *King v. United States*, 41 F.4th 1363, 1365 (11th Cir. 2022); *United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022); *Portis v. United States*, 33 F.4th 331, 334–37 (6th Cir. 2022) (describing the enforcement of such waivers as "mainstream," and holding that allowing a defendant to obtain relief from a waiver "due to later interpretations of a criminal statute, later constitutional rulings, or later congressional changes to criminal laws or sentencing . . . would eliminate a bargaining tool to convince the government to drop pending charges against a defendant."); *United States v. Goodall*, 21 F.4th 555, 563–64 (9th Cir. 2021) (explaining "[a]lthough there always remains a chance the law could change in the defendant's favor, the defendant knowingly and voluntarily assumes that risk because he receives a presumably favorable deal under existing law."); *Oliver v. United States*, 951 F.3d 841, 845–48 (7th Cir. 2020) (explaining that "one major purpose of an express waiver is to account in advance for unpredicted future developments in the law," allocating the "risk of the unknown for both sides"); *Sandoval-Flores v. United States*, No. 2:16-cv-719, 2022 WL 17740409, at *3–5 (D. Utah Dec. 16, 2022); *United States v. Hanson*, No. 99-CR-170, 2022 WL 860189, at *1–2 (N.D. Okla. Mar. 22, 2022); *but see United States v. Sweeney*, 833 F. App'x 395, 396–97 (4th Cir. 2021) (declining to enforce appeal waiver on ground that defendant was actually innocent under *Davis*).

[48] *See* Amended Presentence Investigation Report, Doc. 62 ¶ 67 (explaining had Mr. Newman been found guilty of Count 6, which charged him with use, carry, and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A), he would be subject to not less than five years imprisonment consecutive to any other term of imprisonment).

[49] *Sandoval-Flores*, 2022 WL 17740409, at *5

whether a waiver is undermined.[50]  And finally, as discussed below, even if the plea waiver is

enforceable, Mr. Newman is not actually innocent of violating § 924(c).  Accordingly, the Court

grants the government's motion to enforce the plea wavier.

### B.      Counts Two and Three: Ineffective Assistance

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall

enjoy the right . . . to have the Assistance of Counsel for his defence."[51]  A successful claim of

ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v.

Washington*.[52]  First, a defendant must show that his counsel's performance was deficient in that

it "fell below an objective standard of reasonableness."[53]  To meet this first prong, a defendant

must demonstrate that the omissions of his counsel fell "outside the wide range of professionally

competent assistance."[54]  This standard is "highly demanding."[55]  Strategic or tactical decisions

on the part of counsel are presumed correct, unless they were "completely unreasonable, not

merely wrong, so that [they] bear no relationship to a possible defense strategy."[56]  In all events,

judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A]

court must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance."[57]  Moreover, the reasonableness of the challenged conduct

---

[50] *United States v. Frazier-LeFear*, 665 F. App'x 727, 731 (10th Cir. 2016).

[51] U.S. CONST. amend. VI; *see Kansas v. Ventris*, 556 U.S. 586 (2009).

[52] 466 U.S. 668 (1984).

[53] *Id.* at 688.

[54] *Id.* at 690.

[55] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[56] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation marks and citations omitted).

[57] *Strickland*, 466 U.S. at 689.

must be evaluated from counsel's perspective at the time of the alleged error, and "every effort should be made to 'eliminate the distorting effects of hindsight.'"[58]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[59]  To prevail on this prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[60]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[61]  This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[62]

A defendant is entitled to the effective assistance of counsel during plea negotiations.[63] "The performance prong of *Strickland* requires a defendant to show that counsel's representation fell below an objective standard of reasonableness."[64]  To show prejudice in the guilty plea context, the defendant must establish that there is a "reasonable probability" that, but for counsel's errors, he "would not have pleaded guilty and would have insisted on going to trial."[65]

Mr. Newman asserts two claims that trial counsel was ineffective, which the Court addresses in turn.

---

[58] *Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[59] *Strickland*, 466 U.S. at 687.

[60] *Id.* at 694.

[61] *Id.*

[62] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[63] *Lafler v. Cooper,* 566 U.S. 156, 162–63 (2012).

[64] *Id.* at 163 (internal quotation marks omitted).

[65] *Heard v. Addison*, 728 F.3d 1170, 1176 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)).

### 1.      Section 924(c)

Mr. Newman first argues that trial counsel was ineffective for allowing him to plead to a

§ 924(c) conviction of which he is innocent of post-*Borden*.  He claims that, had he been

informed of the applicability of the decision to his case, he would not have plead guilty.

However, the Supreme Court did not issue its opinion in *Borden* until June 2021, after the May

2021 plea agreement, and thus counsel could not have failed to advise Mr. Newman on how

applicability of that decision might have impacted his decision to plead guilty.[66]

More importantly, Tenth Circuit precedent does not support Mr. Newman's claim that he

is actually innocent of violating § 924(c).  Mr. Newman's argument is based on the mistaken

belief that an § 111(b) offense is no longer a qualifying predicate "crime of violence" under

§ 924(c)(3)(A).  The predicate offense for a § 924(c) conviction must be a felony.  Mr. Newman

plead guilty to Count 10, which charged him with forcible assault of a federal officer using a

dangerous weapon, in violation of § 111(a)(1) and (b).  Section 111(a) provides that whoever

"forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated

in section 114 of this title while engaged in or on account of the performance of official duties"

commits an offense and that an enhanced penalty under § 111(b) applies to anyone who, in

committing any of those acts, "uses a deadly or dangerous weapon including a weapon intended

to cause death or dangerous weapon . . . or inflicts bodily injury."  Here, Mr. Newman

necessarily violated § 111(b) because he used a dangerous weapon in the commission of the

offense.[67]

---

[66] *Borden v. United States*, 141 S. Ct. 1817 (2021) (issued June 10, 2021).

[67] 18 U.S.C. § 111(b) ("Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon . . . shall be fined under this title or imprisoned not more than 20 years, or both.").

To determine whether § 111(b) is a "crime of violence" under the elements clause of § 924, the Tenth Circuit applies the modified categorical approach.[68]  Under this approach, the court must determine whether a defendant was charged under a statute that has an element of physical force.[69]  In *United States v. Kendall*, the Tenth Circuit held that a conviction under § 111(b) is a crime of violence under the U.S.S.G. career-offender provision.[70]  "Like the 'elements' clause[ ] in 18 U.S.C. §§ 924(c)(3)(A) . . . , § 4B1.2(a)(1) of the sentencing guidelines defines a 'crime of violence' . . . to include any offense that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'"[71]

The Tenth Circuit applied the modified categorical approach because the statute is "divisible as a whole," but subsections 111(a) and (b) are indivisible.[72]  The court then determined that "every violation of § 111(b) is a crime of violence,"[73] citing numerous cases in which the Tenth Circuit and other courts found that crimes focused on bodily harm or dangerous or deadly weapons constituted crimes of violence.[74]  The Tenth Circuit emphasized that one cannot inflict bodily harm without using at least indirect physical force, nor use a deadly weapon without at least threatening to use physical force.[75]  Thus, "a conviction under § 111(b)

---

[68] *United States v. Kendall*, 876 F.3d 1265, 1269 (10th Cir. 2017).

[69] *United States v. Bowen*, 936 F.3d 1091, 1106 (10th Cir. 2019).

[70] *Kendall*, 876 F.3d at 1269.

[71] *United States v. Wade*, 719 F. App'x 822, 826 (10th Cir. 2017).

[72] *Kendall,* 876 F.3d at 1269.

[73] *Id.* at 1270.

[74] *Id.* at 1270–71 (collecting cases).

[75] *Id.*

necessarily requires a finding the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another."[76]

Contrary to Mr. Newman's argument, the *Borden* decision has no bearing on *Kendall*. In *Borden*, the Supreme Court held that offenses with a minimum *mens rea* of ordinary recklessness do not have as an element the "use, attempted use, or threatened use of physical force against the person of another."[77] The Supreme Court reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual."[78] Reckless conduct cannot satisfy this standard because it "is not aimed in that prescribed manner."[79] Consistent with *Kendall*, both this Court and other Circuit Courts of Appeal have held that, unlike the offense in *Borden*, an offense under § 111(b) cannot be accomplished recklessly, as the statute necessarily requires an intent to assault someone.[80] Thus, § 111(b) remains a crime of violence after *Borden*, and it is a qualifying predicate felony offense for Mr. Newman's § 924(c) conviction.

---

[76] *Id.* at 1270 (internal quotation marks and alterations omitted) (quoting *United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016)).

[77] 141 S. Ct. 1817, 1821–22 (2021).

[78] *Id.* at 1825.

[79] *Id.*

[80] *See United States v. Butler*, No. 21-20027-JAR, 2022 WL 16714129, at *4–5 (D. Kan. Nov. 4, 2022) (rejecting the defendant's argument that *Borden* abrogates *Kendall*, and concluding that a § 111(b) offense cannot be committed with a *mens rea* of ordinary recklessness and thus remains a crime of violence); *see also United States v. Medearis*, ---F.4th---, 2023 WL 3049339, at *4 (8th Cir. Apr. 24, 2023) (concluding § 111(b) conviction constitutes a categorical crime of violence; further rejecting the defendant's argument that the offense could not be a crime of violence because it can be recklessly committed, explaining that a § 111(b) conviction necessarily requires a finding of intent) (collecting cases); *accord United States v. Bullock*, 970 F.3d 210, 217 (3d Cir. 2020); *Paige v. United States*, No. 16-cv-00304, 2023 WL 2655726, at *5 (W.D.N.C. Mar. 27, 2023); *United States v. Clark*, No. 08-80, 2022 WL 114079, at *4 (W.D. Pa. Jan. 12, 2022).

Because Mr. Newman's actual innocence claim is without merit, he fails to satisfy either the performance or prejudice prong under *Strickland* and his ineffective assistance claim must be denied on this ground.

### 2.     Aiding and Abetting Instruction

Next, Mr. Newman claims that his "aiding and abetting instructions [for the] § 924(c) [conviction] did not comport with post-*Rosemond* requirements for jury instructions."[81]  He asserts that trial counsel was ineffective because counsel did not ensure that his "statement of facts" adhered to the knowledge requirements set forth by the Supreme Court.[82]  Mr. Newman appears to reference *Rosemond v. United States*, where the Supreme Court held that the government proves a defendant aided and abetted a § 924(c) offense if the government shows "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."[83]  The Court concluded that the jury instructions given in that case "did not explain that Rosemond needed advance knowledge of the firearm's presence," and "[i]n telling the jury to consider merely whether Rosemond 'knew his cohort used a firearm,' the court did not direct the jury to determine *when* [R]osemond obtained the requisite knowledge."[84]

Mr. Newman's claim of ineffectiveness is misplaced, as the issue of whether the government made its case that he aided and abetted the § 924(c) charge is not at issue.  Count 11 charges Mr. Newman with using and carrying a firearm in furtherance of a crime of violence in

---

[81] Doc. 71 at 7.

[82] *Id.*

[83] 572 U.S. 65, 67 (2014).

[84] *Id.* at 81–82.

violation of § 924(c) and aiding and abetting under 18 U.S.C. § 2.[85]  It is well-settled, however,

that a crime may be alleged in an indictment in the conjunctive and proven in the disjunctive.[86]

Mr. Newman entered into a binding plea agreement wherein he plead guilty to the § 924(c)

offense alleging that he himself used and carried the firearm in furtherance of a crime of

violence—the botched gun sale to the ATF agent.  He did not proceed to trial and thus the Court

did not give any jury instructions.  He does not specify what "statements of fact" do not adhere

to the decision in *Rosemond* or how it is relevant to the outcome of his case.  To the extent he

refers to the factual basis for his plea, those facts clearly set out that it was Mr. Newman who

used, carried, or brandished the firearm to assault the federal officer, not a confederate.[87]

Accordingly, Mr. Newman fails to show prejudice under *Strickland*, which requires him

to show that counsel's alleged deficiencies "actually had an adverse effect on the defense," as

opposed to "some conceivable effect on the outcome of the proceeding."[88]  More specifically, he

has not demonstrated a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial.[89]  Thus, Mr. Newman's claim is also

denied on this ground.

## IV.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must

issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the

applicant.  "A certificate of appealability may issue . . . only if the applicant has made a

---

[85] Doc. 41 at 5–6.

[86] *See, e.g., United States v. Earl*, 42 F.3d 1321, 1327 (10th Cir. 1994).

[87] Doc. 57 ¶ 2; Doc. 62 ¶ 13.

[88] 466 U.S. 466, 693 (1984).

[89] *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Heard v. Addison*, 728 F.3d 1170, 1176 (10th Cir. 2013).

substantial showing of the denial of a constitutional right."[90]  If the district court denies a habeas

petition on procedural grounds without reaching the merits of petitioner's underlying

constitutional claim, "the prisoner must show both (1) 'that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling' *and* (2) 'that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right.'"[91]  For the reasons stated above, the Court finds that Mr. Newman has not

satisfied these standards and, therefore, denies a certificate of appealability as to its rulings

enforcing the plea waiver as well as on the merits of the ineffective assistance claims in his

§ 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Nicholas

Newman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 71)

is **dismissed in part and denied in part**.  The Court grants the government's motion to enforce

the plea waiver and dismisses Claim 1, and denies Claims 2 and 3 alleging ineffective assistance

of counsel.  Mr. Newman is also denied a COA.

**IT IS SO ORDERED.**

Dated: April 28, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[90] 28 U.S.C. § 2253(c)(2).

[91] *United States v. Park*, 727 F. App'x 526, 528 (10th Cir. 2018) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).